By the Court,

Bronson, J.
The plaintiff in the court below declared in the usual form as upon a bond in the penal sum of one hundred dollars, with a condition, which is set out and a breach assigned. The instrument which he produced on the trial was not a bond. It was a covenant, in the alternative, to pay one hundred dollars, or to pay in a certain event such damages and costs as might be sustained in consequence of issuing an attachment. The variance was fatal. (1 Chitty's Pl. 467, 8, ed. of 1837.) The fact that the plaintiff voluntarily served oyer or a copy of the obligation with the declaration, is a matter of no consequence. The only end that can be answered by pursuing that course, is *618 to avoid the delay incident to a demand of oyer by the defen* dont before pleading. When the defendant craves oyer and sets it out, and then pleads non est factum, if the plaintiff produces such a deed on the trial as is set forth in the oyer, the defendant will be too late to. take advantage of a variance between the deed produced and that mentioned in the declaration, He should have demurred. But when oyer has not been demanded and set forth in the plea, although it may have been furnished, the defendant under Jhe plea non est factum may insist on the trial that the plaintiff shall produce such a deed as he has alleged to exist in his declaration. That is the very point and substance of the issue. "
This is not a trifling variance, like the mistake of a word, date or name. The plaintiff has entirely misapprehended the nature of the instrument. I do not see how the action in its present form can be maintained. The defendants have not acknowledged that any debt or sum certain is due to the plaintiff. They have covenanted to pay one hundred dollars, of, in a certain event, to do something else. The action is ■ misconceived.
I regret the necessity of coming to this conclusion; because, on the issuing of the attachment, the plaintiff should have had such a bond as that on which he has declared. But we cannot aid him in this form, without departing from the well settled rules of pleading.
Judgment reversed.